Mark A. Nickel (Bar No. 14082)
Zachary A. Bloomer, (Bar No. 16353)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Ste. 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9990
Facsimile: (385) 282-7590
mnickel@grsm.com
zbloomer@grsm.com

*Attorneys for Boxabl, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| BOXABL, INC, <br><br> Plaintiff, <br><br> vs. <br><br> BOX HOUSE INC., <br><br> Defendant. | **COMPLAINT** <br><br> Case No.: 2:24-cv-00187 <br><br> Judge <br><br> Magistrate Judge |

---

## <u>COMPLAINT</u>

Plaintiff Boxabl, Inc. ("Plaintiff" or "Boxabl"), by and through its counsel, alleges and complains against Defendant Box House Inc. ("BoxHouse" or "Defendant") as set forth in the following Complaint.

## <u>PARTIES</u>

1. Boxabl is a Nevada corporation with its principal offices at 5345 E. North Belt Road, North Las Vegas, NV, 89115. Boxabl manufactures and sells portable modular elements that can be integrated to create residential or commercial units tailored to individual customer requirements.

2. Upon information and belief, BoxHouse is a Utah corporation with its principal place of business at 225 South 700 East Suite 147, St. George, Utah 84770. BoxHouse manufactures and sells foldable residential housing units.

## JURISDICTION AND VENUE

3.     This action arises under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act") and the United States copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction for Lanham Act claims under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Diversity of citizenship confers subject matter jurisdiction upon this Court by 28 U.S.C. § 1332(a). Additionally, 28 U.S.C. § 1367 confers supplemental jurisdiction over Utah state law claims based on similar facts. This Court has personal jurisdiction over Defendant because its principal place of business is in Utah.

4.     Venue is proper in this Court under 28 U.S.C. § 1391.

## MATERIAL FACTS

### Boxabl's Products and Trademark Rights

5.     Boxabl is a Nevada Corporation, headquartered in Las Vegas. Founded in 2016, Boxabl's innovative, patented technologies have made Boxabl a leader burgeoning modular building marketplace that exists in the United States.

6.     Boxabl's excellence is widely known both in the construction industry and in the wider consumer marketplace, including through numerous media outlets, including NBC, CNN, and Yahoo! Finance.

7.     Boxabl operates a website at www.boxabl.com where consumers can learn about the company's unique, high quality, portable modular structures.

8.      On July 27, 2017, Boxabl filed with the United States Patent and Trademark Office ("USPTO") U.S. Trademark Application Serial No. 87/545,723 to register Boxabl as a trademark in connection with its modular transportable building solutions.

9.      As a result of this application, Boxabl had constructive use priority in the Boxabl Mark based on its July 27, 2017, application date.

10.      On November 24, 2020, the USPTO issued to Boxabl U.S. Registration No. 6,206,023 (the "Boxabl Registration") for its mark for use in connection with modular transportable building solutions (the "Boxabl Mark"). Boxabl owns the Boxabl Registration and the Boxabl Mark is registered on the Principal Register. Boxabl claims a first use in commerce of the Boxabl Mark on September 5, 2020.

11.      On June 26, 2019, Boxabl filed with the USPTO U.S. Trademark Application Serial No. 88/490,122 to register its design logo (reproduced below) as a trademark in connection with modular buildings.



12.      As a result of this application, Boxabl had constructive use priority in the house-shaped design mark based on its June 26, 2019, application date.

13.      On January 26, 2021, the USPTO issued to Boxabl U.S. Registration No. 6,257,812 ("Boxabl Home Icon Registration") for the home icon mark (the "Boxabl Home Icon Mark") mark for use in connection with pre-fabricated non-metal rooms and structures in the nature of buildings containing metal components. Boxabl owns the Boxabl Home Icon Registration. The Boxabl Home Icon Mark is registered on the Principal Register. Boxabl claims a first use in commerce of the Boxabl Home Icon mark on September 5, 2020.

**BoxHouse's Infringement On Boxabl's Trademarks**

14.     On information and belief, in or about early 2023, well after Boxabl began using the Boxabl Mark and Boxabl Home Icon Mark in commerce, and after which Boxabl's trademarks had become famous, BoxHouse began using confusingly similar service marks (the "Infringing Marks") in connection with modular housing units.

15.     The Infringing Marks closely mimic the Boxabl Mark and the Boxabl Home Icon Mark.

16.     BoxHouse uses the Infringing Marks in connection with manufacturing and selling portable modular housing units, which can be seen by comparing the companies' social media posts.

17.     Both parties market their products online, including through Google ads, Facebook, Instagram, and Twitter, among others. The parties' Instagram pages demonstrate the confusing similarity between Boxabl's protected marks and BoxHouse's derivative branding:



18.     Posts on the BoxHouse Facebook page further illustrate BoxHouse's infringing use of close imitations of the Boxabl Home Icon Mark, including Boxabl's protected yellow and blue coloring:



19.     Defendant's website includes images of trucks branded in a manner that impermissibly infringes on Boxabl's trademarks, as demonstrated by a screen grab obtained on March 4, 2024:



20.     Evidence of actual consumer confusion exists. In response to a BoxHouse

Facebook post on July 25, 2023, a commenter replied:

> *Great logo, great name, great color branding. It's almost like*
> *you copied off Boxabl*

21.     The comment ended by stating "but we know you're different," with the apparent

sarcasm reinforcing the degree to which BoxHouse coopted Boxabl's protected marks.

22.     Further, BoxHouse used a rendering of Boxabl's own "Casita" model home unit

in its social media outreach efforts. BoxHouse and Boxabl sell directly competing products and

market in similar channels. BoxHouse's branding closely resemble Boxabl's protected marks and

BoxHouse has also directly copied Boxabl information in its marketing.

23.     BoxHouse's unauthorized use in commerce of the Infringing Marks as alleged

herein is likely to confuse or deceive consumers as to the origin, source, sponsorship, or

affiliation of BoxHouse's goods and services, and is likely to cause consumers to believe,

contrary to fact, that BoxHouse's goods and services are sold, authorized, endorsed, or sponsored

by Boxabl, or that BoxHouse is in some way affiliated with or sponsored by Boxabl. As a result,

BoxHouse's conduct therefore constitutes trademark infringement in violation of the Lanham

Act.

24.     Upon information and belief, BoxHouse's use of the Infringing Marks to promote

and sell substantially similar goods is an intentional attempt to trade off Boxabl's reputation and

good will and to drive consumers from Boxabl to BoxHouse. BoxHouse's use of the Infringing

Marks is also confusingly like the Boxabl Mark and Boxabl Home Icon Mark and is likely to

cause consumer confusion and a false association between BoxHouse's products and the

products offered by Boxabl, falsely leading consumers to believe that the portable modular

buildings emanate from the same source or that Boxabl and BoxHouse are affiliated.

**BoxHouse's Infringement On Boxabl's Copyright**

25.     In 2019, Boxabl created a unique three-dimensional ("3D") rendering for its *Casita* model portable housing unit (the "3D Casita Rendering"). Boxabl is the author of the 3D Casita Render. Boxabl first published the 3D Casita Rendering on February 4, 2021. Boxabl subsequently applied to the U.S. Copyright Office to register its 3D Casita Rendering visual work of art. The 3D Casita Rendering is now registered as a copyright as Registration Number VA0002370207, dated November 8, 2023 (the "Casita Rendering Copyright").

26.     During 2023, Defendant published renderings on its website and in social media that are either identical to, or highly derivative of, Boxabl's Casita Rendering Copyright.  For instance, below are compared the image Boxabl submitted to the U.S. Copyright Office in support of the Casita Rendering Copyright application on the left, and Defendant's August 4, 2023, Facebook post on the right.




Boxabl Copyrighted Rendering        BoxHouse Facebook Post
Infringing BoxHouse Rendering

27.     The image in Defendant's social media post is identical to the Casita rendering first published by Boxabl in February 2021. Further, the same image, attributed to Boxabl, was included in media coverage related to Tesla CEO Elon Musk's Boxabl Casita home. Several articles related to Mr. Musk's Boxabl home pre-date Defendant's August 4, 2023 social media

post, leading to a reasonable conclusion that Defendant confused consumers by knowingly and willfully using Boxabl's Casita Rendering Copyright. As with the Boxabl Mark and the Boxabl Home Icon Mark, Defendant used Boxabl's Casita Rendering Copyright to falsely suggest a relationship that does not exist.

28.    Defendant improperly used the Casita Rendering Copyright without permission from, or remuneration to, Boxabl.

29.    Defendant's reproduction and publication of substantially similar visual material (the "Infringing Box House Renderings") infringes on Boxabl's exclusive rights in the Boxabl Casita Rendering Copyright, in violation of Section 501 of the Copyright Act.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under § 32 of the Lanham Act)

30.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

31.    Boxabl is the owner of the BOXABL Registration for the Boxabl Mark, which is registered on the Principal Register.

32.    Boxabl is also the owner of the Boxabl Registration for the Boxabl Home Icon Mark, which is registered on the Principal Register.

33.    Boxabl has been using the Boxabl Mark since at least September 5, 2020, and has been using the BOXABL Home Icon Mark since at least September 5, 2020, in connection with portable modular buildings for sale in interstate commerce.

34.    BoxHouse is using the Infringing Marks in commerce as alleged herein.

35.    BoxHouse's use of the Infringing Marks is confusingly similar to the Boxabl Mark and Boxabl's Home Icon Mark.

36.     BoxHouse's actions as described herein constitute trademark infringement of the Boxabl Mark and the Boxabl Home Icon Mark under 15 U.S.C. § 1114, in that BoxHouse's use of the marks creates a likelihood of confusion among the consuming public as to the source of the goods, as to the origin or association of the parties, or is likely to cause mistake or to deceive.

37.     Upon information and belief, BoxHouse was aware of Boxabl's Boxabl Mark and Boxabl Home Icon Mark when BoxHouse committed the acts as alleged herein.

38.     Upon information and belief, BoxHouse committed its acts of infringement in willful and flagrant disregard of Boxabl's lawful rights.

39.     BoxHouse will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above.

40.     BoxHouse's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Boxabl's registered Boxabl Mark and Boxabl Home Icon Mark, as well as damages and irreparable injury to Boxabl's business, goodwill, and reputation. Boxabl has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, BoxHouse's continued use of the Infringing Marks is deliberate, willful, fraudulent, and constitutes knowing infringement of Boxabl's mark, and makes this case exceptional.

41.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Boxabl is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining BoxHouse, its officers, agents, assigns, and employees from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of portable modular housing or related products.

42.      By virtue of the foregoing, Boxabl is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

43.      By virtue of the foregoing, Boxabl is entitled to monetary damages, together with interest thereon, against BoxHouse.

## SECOND CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin under § 43 of the Lanham Act)**

44.      Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

45.      Boxabl has been using the Boxabl Mark and name for its portable modular structures and related accessories continuously since at least September of 1999, and has been using its Boxabl Home Icon Mark and logo for its portable modular structures continuously since at least September 2020. As a result, Boxabl has developed common law rights in those marks.

46.      Boxabl's trade name "Boxabl" is distinctive and has acquired secondary meaning.

47.      BoxHouse's use of the Infringing Marks as described herein in its advertising, marketing, and selling of products and services constitutes a violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), because BoxHouse's use creates a likelihood of confusion among prospective purchasers as to the source, origin, or association of the parties, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and other to believe that BoxHouse's products are offered by, manufactured, endorsed, or approved by, or are otherwise connected in some way with, Boxabl.

48.      Upon information and belief, BoxHouse was aware of Boxabl's Boxabl Mark and Home Icon Mark when BoxHouse committed its acts of infringement.

49.      Upon information and belief, BoxHouse intends to cause confusion and mistake and intends to deceive the buyers of its services and products into believing that they are buying

products or services produced by, marketed by, sponsored by, approved of, or licensed by Boxabl.

50.     BoxHouse's actions as alleged herein infringe Boxabl's common law trademark rights under federal common law, Utah law, and constitute acts of unfair competition.

51.     BoxHouse will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Boxabl immediate and irreparable harm.

52.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Boxabl is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining BoxHouse, and its officers, agents, assigns, and employees, from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of portable modular structures and related accessories.

53.     By virtue of the foregoing, Boxabl has suffered damages, the exact amount of which Boxabl has not yet been able to determine.

54.     By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Boxabl is entitled to injunctive relief, treble damages, together with interest thereon, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
#### (Common Law Unfair Competition / Passing Off)

55.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

56.     BoxHouse's conduct as alleged herein is in violation of the common law proscribing unfair competition and passing off. Such conduct was, on information and belief,

done intentionally with BoxHouse having full knowledge that the conduct violated Boxabl's proprietary interest in its Boxabl Mark and Boxabl Home Icon Mark, and with intent to deceive.

57.     Boxabl seeks judgement against BoxHouse for injunctive relief, along with compensatory and punitive damages.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution Under § 43 of the Lanham Act, 15 U.S.C. 1125(c))

58.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

59.     Boxabl is the owner of the distinctive Boxabl Mark and the distinctive Boxabl Home Icon Mark, both of which are registered with the USPTO.

60.     The Boxabl Mark and the Boxabl Home Icon Mark are valid trademarks in full force and effect.

61.     Boxabl has actively, continuously, and exclusively used the Boxabl Mark since at least September 5, 2020, and has actively, continuously, and exclusively used the Home Icon Mark since at least September 5, 2020, in connection with portable modular housing units.

62.     Boxabl has expended substantial time, effort, money, and resources advertising and promoting Boxabl products with the Boxabl Mark and the Boxabl Home Icon Mark.

63.     Boxabl Markets, advertises, and sells products using the Boxabl Mark and the Boxabl Home Icon Mark in interstate commerce throughout the United States.

64.     The Boxabl Mark and the Boxabl Home Icon Mark are used to distinguish Boxabl's higher quality products from others in the marketplace.

65.     The Boxabl name, brand, and image, is well-recognized by consumers throughout the United States for Boxabl's portable modular housing units. Consumers recognize and associate the Boxabl name with high quality products.

66.     Boxabl has implemented legitimate and substantial quality controls for the manufacturing of its portable modular housing units.

67.     Because of the quality, durability, and dependability of the Boxabl products and Boxabl's use of the Boxabl Mark and the Boxabl Home Icon Mark, consumers trust the Boxabl name and Boxabl products.

68.     Thus, since at least 2020, the Boxabl Mark and the Boxabl Home Icon Mark are and have been famous, distinctive, and widely recognized marks by the consuming public.

69.     After the Boxabl Mark and the Boxabl Home Icon Mark became famous, BoxHouse willfully and knowingly used, and continue to use, the Infringing Marks in commerce for the purpose of selling portable modular housing units without Boxabl's consent.

70.     Because of the similarity between the Boxabl Mark and the Home Icon Mark, on the one hand, and the Infringing Marks, on the other hand, the consuming public is likely to associate the Infringing Marks with Boxabl's famous marks in a way that will impair the distinctiveness of Boxabl's mark.

71.     BoxHouse's portable modular housing units are materially different from genuine Boxabl products sold by Boxabl.

72.     Upon information and belief, the BoxHouse products are not subject to, do not abide by, and interfere with Boxabl's quality controls, and consumers who purchase BoxHouse portable modular structures are more likely to receive a poor-quality product and are more likely to have an unsatisfactory customer experience.

73.     Consumers who receive a portable modular structure that does not match the quality standards of the Boxabl portable modular structures is likely to associate that negative experience with Boxabl and the Boxabl Mark and the Home Icon Mark.

74.     As a result, BoxHouse's unauthorized and willful use of the Boxabl Mark and the Home Icon Mark has tarnished and diluted the Boxabl Mark and the Home Icon Mark.

75.     As a result of BoxHouse's actions, Boxabl has suffered, and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

76.     As a result of BoxHouse's actions, Boxabl is entitled to recover its damages caused by BoxHouse's infringement of the Boxabl Mark and the Home Icon Mark and is also entitled to injunctive relief under 15 U.S.C. § 1116 because Boxabl has no adequate remedy at law for BoxHouse's infringement and unless BoxHouse is permanently enjoined, Boxabl will suffer irreparable harm.

77.     Boxabl is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because BoxHouse willfully, intentionally, maliciously, and in bad faith infringed on the Boxabl Mark and the Home Icon Mark.

### FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

78.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

79.     Boxabl is the owner of the distinctive Boxabl Mark and the distinctive Boxabl Home Icon Mark.

80.     Boxabl has registered the Boxabl Mark and the Boxabl Home Icon Mark with the USPTO and also owns common law trademark rights in the Boxabl Mark and Boxabl Home Icon Mark. All such rights owned by Boxabl are superior to any rights that BoxHouse may claim to have in its claimed Infringing Marks.

81.     The Boxabl Mark and the Boxabl Home Icon Mark are valid trademarks in full force and effect.

82.     Boxabl has actively, continuously, and exclusively used both the Boxabl Mark and the Boxabl Home Icon Mark since at least September 5, 2020 in connection with portable modular housing structures.

83.     BoxHouse has infringed the Boxabl Mark and the Boxabl Home Icon Mark as set forth herein.

84.     BoxHouse's unauthorized sale of products bearing the Infringing Marks is likely to cause confusion, cause mistake, or deceive consumers because Boxabl suggests that BoxHouse's products were produced by Boxabl or that BoxHouse is associated with, affiliated with, or sponsored by Boxabl, when, in fact, they are not, thereby injuring the reputation and goodwill of Boxabl and unjustly diverting sales from Boxabl to BoxHouse.

85.     BoxHouse's unauthorized use of the Infringing Marks has infringed upon the Boxabl Mark and the Boxabl Home Icon Mark.

86.     As a result of BoxHouse's actions, Boxabl has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Violations of Utah Deceptive Trade Practices Act, Utah Code Ann. 13-11a-3&4)

87.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

88.     Boxabl is the owner of the distinctive Boxabl Mark and the Boxabl Home Icon Mark, as listed on the USPTO Principal Register.

89. The Boxabl Mark and the Boxabl Home Icon Mark are valid trademarks in full force and effect.

90. BoxHouse willfully and knowingly used, and continues to use, the Infringing Marks in interstate commerce to advertise, promote, and sell portable modular housing structures and related accessories.

91. BoxHouse's advertisements and promotions of products unlawfully using the Infringing Marks have been disseminated to the relevant purchasing public.

92. BoxHouse sells its products under the Infringing Marks without Boxabl's consent.

93. By using the Infringing Marks, BoxHouse passed off its goods as those of Boxabl, and have caused a likelihood of confusion or misunderstanding as to the source of its products and services and has thereby engaged in a deceptive trade practice under Utah law.

94. The foregoing misconduct of BoxHouse constitutes deceptive trade practices in violation of Utah Code Annotated § 13-11a-3 and § 13-11a-4.

95. BoxHouse's unauthorized sale of portable modular housing structures based on using Infringing Marks and unauthorized use of the Infringing Marks in advertising materially damages the value of the Boxabl Mark and the Boxabl Home Icon Mark and causes significant damage to Boxabl and its business relations.

96. As a result of BoxHouse's actions, Boxabl is entitled to recover damages to fairly and reasonably compensate Boxabl for BoxHouse's conduct.

97. Boxabl is also entitled to prevent, restrain, and enjoin BoxHouse from current and future use of the Infringing Marks.

98. Boxabl is also entitled to an award of its attorneys' fees for being required to file and prosecute this action.

99.     Boxabl has no adequate remedy at law, has suffered and is continuing to suffer

irreparable harm from BoxHouse's acts, and therefore is entitled to permanent injunctive relief to

enjoin BoxHouse from further misconduct.

### SEVENTH CLAIM FOR RELIEF
**(Violations of Utah Registration and Protection of Trademarks and Service Marks Act,
Utah Code Ann. 70-3a-403)**

100.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if

fully set forth herein.

101.    Boxabl owns superior trademark rights in the Boxabl Mark and the Boxabl Home

Icon Mark, and said marks are distinctive in Utah and are entitled to protection against

infringement.

102.    BoxHouse began using the Infringing Marks years after Boxabl began using its

marks, and BoxHouse uses the Infringing Marks without the consent of Boxabl.

103.    BoxHouse's unauthorized use of the Infringing Marks in connection with portable

modular housing structures and related accessories is likely to cause confusion, mistake, or to

deceive as to the source of origin, nature, or quality of those products, and is likely to lead the

public to believe that Boxabl is affiliated with or sponsors or endorses BoxHouse and/or

BoxHouse's products, and is likely to mislead persons in the ordinary course of purchasing

Boxabl's products, thereby injuring the reputation and goodwill of Boxabl and its marks.

104.    Upon information and belief, BoxHouse's acts were committed willfully,

intentionally, knowingly, and in bad faith.

105.    Pursuant to Utah Code Ann. § 70-3a-402(2), Boxabl is entitled to actual and

trebled damages, attorneys' fees, and costs of suit.

## EIGHTH CLAIM FOR RELIEF
### (Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101)

106.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

107.    Boxabl owns superior trademark rights in its Boxabl Mark and its Boxabl Home Icon Mark, which are distinctive in Utah, and which constitute valuable intellectual property.

108.    BoxHouse began using its Infringing Marks without the consent of Boxabl after Boxabl began using the Boxabl Mark and Home Icon Mark.

109.    BoxHouse's unauthorized use of the BOXHOUSE Mark in connection with portable modular housing structures is likely to cause injury to Boxabl, and Boxabl is entitled to damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
### (Copyright Infringement Under § 501 of the Copyright Act)

110.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

111.    Boxabl's Casita Rendering Copyright is a copyrightable work of visual art for which protection exists under the Copyright Act. Boxabl exclusively owns all rights in the Casita Rendering Copyright.

112.    Boxabl holds a valid registration with the U.S. Copyright Office for the Casita Rendering Copyright.

113.    As alleged herein, Defendant reproduced and published the Infringing Box House Renderings without Boxabl's permission.

114.    Upon information and belief, Defendant published the Infringing Box House Renderings willfully and with full knowledge of Boxabl's rights in the Casita Rendering Copyright, thus enabling Defendant to illegally benefit therefrom.

115.    As a direct consequence of Defendant's willful use of Infringing Box House Renderings derived from Boxabl's Casita Rendering Copyright, Boxabl has been harmed and is entitled to damages in an amount to be proved at trial.

116.    Boxabl is additionally entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

117.    Defendant's use of the Infringing Box House Renderings has caused and continues to cause Boxabl to sustain substantial and immediate injury, for which no adequate remedy exists at law. Upon information and belief, Defendant will continue to use the Infringing Box House Renderings unless enjoined by this Court. Thus, Boxabl is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendant as follows:

118.    Enjoining Defendant, and all other persons participating or acting in concert with it, from all acts of trademark infringement, copyright infringement, unfair competition, or any other wrongful conduct alleged in this Complaint;

119.    An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

120.    Awarding Plaintiff its actual damages and any additional damages that the Court deems just and equitable under the circumstances;

121.    Awarding Plaintiff treble damages and attorneys' fees for Defendant's deliberate and willful misconduct;

122.    Awarding Plaintiff punitive damages for Defendant's deliberate and willful misconduct;

123.    Awarding Plaintiff prejudgment and post-judgment interest;

124.    Awarding Plaintiff allowable costs, and;

125.    Awarding Plaintiff such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Boxabl demands trial by jury of all issues so triable.

**DATED** this 11th day of March, 2024.

**GORDON REES SCULLY
MANSUKHANI, LLP**

By:  _/s/_____
Mark A. Nickel
Zachary A. Bloomer


Howard N. Shipley
(Pro Hac Vice Pending)
277 South Washington Street, Suite 550
Alexandria, VA 22314
Telephone: (202) 372-9075
hshipley@grsm.com

*Attorneys for Plaintiff Boxabl, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 11th day of March, 2024, a copy of the foregoing **COMPLAINT** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Serita Gomez*